IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHONE LEE SMITH, | No. CIV S-07-1330-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| C. CSER, | |
| Defendants | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 11), filed on September 18, 2007, and plaintiff's request for injunctive relief.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,
2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
4  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
5  allege with at least some degree of particularity overt acts by specific defendants which support
6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
7  impossible for the court to conduct the screening required by law when the allegations are vague
8  and conclusory.

## I. BACKGROUND

Plaintiff's original complaint was filed on July 6, 2007.  Plaintiff then filed an amended complaint as of right on September 18, 2007.  In this amended complaint, plaintiff alleges he is being harassed and verbally threatened by a correctional officer, defendant Cser.  Specifically plaintiff alleges that while he was in a holding cell, Officer Cser did not act professionally and threatened him by stating "Smith I will get you one day and kill you and put you into a mattress cover."  Plaintiff claims he suffers from depression and lack of sleep due to this threat.

## II. DISCUSSION

"[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted); see also Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997).  "A mere threat may not state a cause of action" under the Eighth Amendment, "and it trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong." Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

/ / /

1  Plaintiff has not alleged any actual physical abuse or attempt on his life.  His only
2  allegation is that officer Cser has threatened to kill him.  Threats are not sufficient to state a
3  constitutional violation because mere naked threats are not the equivalent of doing the act itself.
4  See id.  Therefore, plaintiff fails to state a claim upon which relief can be granted.

### III.  CONCLUSION

7  Because it does not appear possible that the deficiencies identified herein can be
8  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
9  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

### IV.  INJUNCTIVE RELIEF

12  Plaintiff has not filed a specific motion for injunctive relief.  Instead, he has
13  addressed letters to the court stating his life is in danger (Doc. 18).  The court construes this as a
14  request for injunctive relief, which should be denied.  The entire context of plaintiff's letter is as
15  follows:

> I just need to inform your court that I'm having problems in here
> an my life is in danger, so if the officers kill me your office or court
> ("know why"), I say that because I have problems, I also informed
> the office of ombudsman about my problems okay, here is a letter
> from the warden (A).  thank you.  (Mr. Smith)

19  Plaintiff then attached a letter he received from Warden Subia regarding his complaint against
20  staff.  Mr. Subia informed plaintiff that he has already filed a complaint regarding staff
21  misconduct, and that he can appeal the decision in order to exhaust his administrative remedies.
22  The legal principles applicable to requests for injunctive relief, such as a
23  temporary restraining order or preliminary injunction, are well established.  To prevail, the
24  moving party must show either a likelihood of success on the merits of the underlying
25  controversy and the possibility of irreparable injury, or that serious questions are raised and the
26  balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v.

Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See id. The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See id. at 1334-35.

The standard for a temporary restraining order is essentially the same. The purpose in issuing a temporary restraining order is to preserve the status quo pending a more complete hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

In this case, plaintiff has not made the required showing for the granting of any injunctive relief. Plaintiff's claims are all speculative and conclusory. Further, as the undersigned is recommending the dismissal of plaintiff's underlying complaint, plaintiff is unable to show the likelihood of success on the merits necessary to grant injunctive relief. Therefore, the undersigned recommends plaintiff's construed request for injunctive relief be denied.

1        Based on the foregoing, the undersigned recommends that plaintiff's request for
2  injunctive relief be denied, the complaint be dismissed and this case be closed.
3        These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Failure to file objections within the specified time may waive
8  the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2007

                                                _/s/ Craig M. Kellison_____
                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE